UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CR 261 CDP |
| ) | |
| DE'ALIZ'E JONES, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This case is before me on defendant De'Aliz'e Jones's *pro se* motion for compassionate release and sentence reduction under 18 U.S.C. § 3582(c).[1] For the following reasons, I will deny the motion.

On May 3, 2022, Jones pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(e)(1), 924(a)(2). With a total offense level of 23 and criminal history category of IV, the advisory Guidelines sentencing range for Jones's offense was 70-87 months' imprisonment. On August 2, 2022, upon the joint recommendation of the parties, I sentenced Jones to 60 months' imprisonment. In his motion for compassionate release, Jones

---

[1] After Jones filed his motion, the Office of the Federal Public Defender notified the Court that it would not be filing any additional pleadings on Jones's behalf.

asks that I reduce that sentence because of his youthful age and circumstances when he committed the prior offenses that contributed to his criminal history score.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). No such extraordinary and compelling reasons exist here.

In seeking compassionate release, Jones relies on the portion of Amendment 814 to the Sentencing Guidelines that now expressly permits a court to consider nonretroactive changes in the law (including a Guidelines amendment) for determining the extent of a sentence reduction when a defendant "*otherwise* establishes that extraordinary and compelling reasons warrant" a reduced sentence. U.S.S.G. § 1B1.13(c) (emphasis added). The change in law that Jones asks me to consider is Guidelines Amendment 829 (effective Nov. 1, 2024), which amended U.S.S.G. § 5H1.1 to permit a court to consider, among other things, a defendant's youthfulness at the time of the offense, childhood experiences, and familial and environmental circumstances as reasons for a downward departure in sentencing. Jones argues that consideration of those factors warrants a sentence reduction in his case given his unstable family life and dysfunctional neighborhood that

exposed him to drugs and gang violence as a youth.

There are a couple of problems with Jones's argument.  First, for me to consider nonretroactive changes in the law in Jones's circumstances, Jones must first establish extraordinary and compelling reasons that warrant a sentence reduction.  U.S.S.G. § 1B1.13(c).[2]  Only then may I consider a change in the law and only for purposes of determining the extent of any reduction.  A change in the law does not itself constitute an extraordinary and compelling reason.  *Id.*, amend. 814, comment. (reason for amendment) (Nov. 1, 2023); *see also United States v. Johnson*, No. 24-2393, 2025 WL 1949738, at *2 (8th Cir. July 16, 2025).  Other than citing Amendment 829 factors relating to his youth, Jones does not cite any independent extraordinary and compelling reason for a reduced sentence.  On that basis alone, Jones's motion for compassionate release must be denied.

Jones's other problem is his reliance on Amendment 829 as the nonretroactive law that he asserts provides him relief.  As set out above, Amendment 829 amended U.S.S.G. § 5H1.1, which addressed age as a certain specific offender characteristic to take into account in determining whether a departure was warranted in sentencing.  The Sentencing Commission recently amended the Guidelines, however, to remove departures and policy statements

---

[2] Changes in the law may also be considered in limited circumstances set out in § 1B1.13(b)(6) (unusually long sentence).  None of those circumstances exist here.

relating to specific personal characteristics.  Through Amendment 836, effective November 1, 2025, Part H of Chapter 5 was stricken in its entirety from the Guidelines, thereby removing the basis of Jones's argument.  Consequently, to the extent Jones argues that consideration of his youthfulness as a sentencing factor under § 5H1.1 warrants compassionate release, his motion must be denied.

Regardless, when I sentenced Jones to 60 months as the parties jointly recommended in conjunction with his guilty plea – which was a downward variance from the advisory Guidelines range of 70-87 months – I considered the factors that Jones now asks me to consider for compassionate release, namely the circumstances of his offenses and personal characteristics such as his youthfulness, childhood experiences, family stability, and neighborhood environment.  Jones has not presented anything in addition to what I already considered to warrant further departure from his already reduced sentence.

When I consider all the sentencing factors under 18 U.S.C. § 3553(a), I conclude that Jones's 60-month sentence remains appropriate, reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense.  His motion for compassionate release and sentence reduction is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant De'Aliz'e Jones's motion for

compassionate release and sentence reduction under 18 U.S.C. § 3582(c) [45] is

**DENIED**.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2026.